UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIM H.,[1]

                       Plaintiff,

-vs-

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

DECISION AND ORDER

1:20-CV-1165 (CJS)

## INTRODUCTION

Plaintiff filed this action in August 2020 pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In July and December 2021, respectively, the parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Pl.'s Mot., July 30, 2021, ECF No. 15; Def.'s Mot., Dec. 29, 2021, ECF No. 17.

Nevertheless, in May 2022, before the Court could render decision in the matter, Plaintiff's counsel submitted a suggestion of death. Suggestion of Death, May 3, 2022, ECF No. 20. Thereafter, Plaintiff's counsel timely filed a motion for substitution of party under Rule 25 of the Federal Rules of Civil Procedure on behalf of Plaintiff's son and voluntary administrator of her estate, Corey F. ("Movant"). Mot. for Substitution, Aug. 1,

---

[1] The Court's Standing Order issued on November 18, 2020, indicates in pertinent part that, "[e]ffective immediately, in opinions filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in the United States District Court for the Western District of New York, any non-government party will be identified and referenced solely by first name and last initial."

2022, ECF No. 21. The Commissioner has indicated that she "has no objection to the proposed substitution and defers to the Court to determine whether the motion should be granted." Resp., Aug. 15, 2022, ECF No. 22.

For the reasons set forth below, the motion for substitution of party [ECF No. 21] is denied with leave to renew.

## SUBSTITUTION OF PARTY

Federal Rule of Civil Procedure 25(a)(1) deals specifically with substitution upon a party's death. The rule provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, the district court has the discretion to substitute an individual for a deceased party to a civil action if: (1) the claim of the deceased plaintiff survives her death; (2) the individual seeking to be substituted is a "proper party;" and (3) the party requesting substitution moves "within 90 days after service of a statement noting the death." *Pryn v. Comm'r of Soc. Sec.*, No. 19-CV-62, 2020 WL 410055, at *1 (W.D.N.Y. Jan. 24, 2020)

The Commissioner concedes that Movant timely filed the motion for substitution. *See* Resp. at 3. The questions the Court must consider, then, are whether Plaintiff's claims survived her death, and whether Movant is a "proper party" under Rule 25.

With respect to the survival of Plaintiff's claim upon her death, the Social Security Act expressly provides that if an individual eligible for DIB benefits dies before payment due to her under the law is completed, payment will be made to survivors or the legal representative of the deceased party's estate. 42 U.S.C. § 404(d). By contrast, SSI

2

benefits are not payable to the estate of the underpaid recipient or any survivors other than narrow exceptions not applicable here. 20 C.F.R. § 416.542. Hence, although Plaintiff's DIB claim survives her death, her SSI claim does not.

With respect to whether Movant is a "proper party" to substitute, the Court notes that proper parties to substitute include a "representative" of the deceased party's estate, or the "successor" of the deceased party. *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). "The law of the forum state determines the capacity of the parties to sue and be sued, and under the applicable New York law, a representative is a person who has received letters to administer the estate of a decedent." *Id.* (citing *Collins v. American Automobile Insurance Co.*, 230 F.2d 416, 422 (2d Cir.1956); New York EPTL § 1–2.13). "A successor of the deceased party is a 'distributee' of the decedent's estate if the decedent's estate has been distributed at the time the motion for substitution has been made." *Id.* (citing *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y.1986)).

As proof that he is a "proper party," Movant has attached the affidavits he submitted to the New York Surrogate's Court to qualify as a "voluntary administrator" of an estate under N.Y. Surr. Ct. Proc. Act § § 1301–1312. Mot. for Substitution (Ex. 3 and 4), Aug. 1, 2022, ECF Nos. 21-3 and 21-4. However, a "voluntary administrator" of an estate is not a "representative" under New York law, because the affidavits submitted to the Surrogate Court are not equivalent ot proof that the person has "received letters to administer the estate of the decedent." *Graham*, 224 F.R.D. at 64 (citing New York EPTL § 1–2.13). Moreover, although Movant's affidavits state that he is a distributee of Plaintiff's estate, he has provided no proof that Plaintiff's estate has been distributed. *Id.* Neither do Movant's affidavits indicate that Plaintiff was destitute; they state only that Plaintiff's

personal property was worth less than $50,000, and list three life insurance policies in the estate of unknown value. *See Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.*, 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) ("where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute".).

Accordingly, the motion for substitution [ECF No. 21] is denied with leave to renew by **September 15, 2022** with sufficient proof that Movant is a "proper party" for substitution. *See, e.g., Garcia v. City of New York*, No. CV 08-2152 RRM MDG, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) (denying with leave to renew where the party requesting substitution did not show she was a "representative" of the estate, that she was a distributee of the estate, or that the proceeds of the estate were distributed).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the motion for substitution [ECF No. 21] is denied with leave to renew no later than September 15, 2022. If Movant fails to renew the motion by September 15, this matter shall be dismissed with no further action from the Court.

DATED:      August *17*, 2022
            Rochester, New York


            _____
            CHARLES J. SIRAGUSA
            United States District Judge

4